IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| DANIEL BERMAN and WILLIAM McCUTCHEN, as successors in interest to MAINQUAD COMMUNICATIONS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:15-cv-299 |
| DAVIDSON MEDIA VIRGINIA STATIONS, LLC, DAVIDSON MEDIA HOLDING CORPORATION, DAVIDSON MEDIA GROUP, LLC, PETER W. DAVIDSON, FELIX PEREZ, CHRIS McMURRAY, SS BROADCASTING HOLDINGS, LLC, SANJAY SANGHOEE, PETER S. HANDY, KATHERINE L. KOHLMEYER, GEORGE B. KELLY, ALEX MANZO, JEFFREY C. SCOTT, CHARLES W. BANTA, WANDA M. COOK, R. ALAN WRIGHT, WILLIAM D. COHAN, LLJ CAPITAL PARTNERS, LLC, D.B. ZWIRN SPECIAL OPPORTUNITIES FUND, L.P., FORTRESS VALUE RECOVERY FUND I, LLC, ATALAYA ADMINISTRATIVE, LLC, and ACM VRF V LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## AMENDED COMPLAINT

Plaintiffs Daniel Berman and William McCutchen, as successors in interest to MainQuad Communications, Inc. ("MainQuad"), pursuant to Fed. R. Civ. P. 15(a)(1)(B), amend their Complaint against Defendant Davidson Media Virginia Stations, LLC ("Davidson"), to add Defendants Davidson Media Holding Corporation ("Davidson Holding"); Davidson Media Group, LLC ("Davidson Group"), Defendants Peter W. Davidson, founder and former president of Davidson Group; Felix Perez, former President of Davidson Group and Davidson Holding; Chris McMurray, current President of Davidson Group; SS Broadcasting Holdings, LLC

("SSB"); Sanjay Sanghoee, Chairman of Davidson Group and Managing Member of SSB, the parent of Davidson Group; Peter S. Handy, Founder and Managing Director of Star Media Group Inc., and representative of Astron Services, Inc.; Katherine L. Kohlmeyer, Partner and Chief Financial Officer, The Capstreet Group, LLC; George B. Kelly, Chairman of the CapStreet Group, LLC; Alex Manzo, former Vice President of CitiGroup Venture Capital International; Jeffrey C. Scott, managing director of Black Enterprise/Greenwich Street Corporate Growth Partners, L.P.; Charles W. Banta, general partner of Mercury Capital Partners III, L.P.; Wanda M. Cook, President of Hillman DMG, LLC; R. Alan Wright, Managing Director of The Hillman Company; William D. Cohan; LLJ Capital Partners, LLC ("LLJ"); D.B. Zwirn Special Opportunities Fund, L.P. ("DBZ"); Fortress Value Recovery Fund I, LLC ("Fortress"); Atalaya Administrative LLC ("Atalaya"); and ACM VRF V LLC ("ACM"); and state as follows:

## Case Overview

1. This action arises out of Davidson's breach of a promissory note in favor of MainQuad (the "Promissory Note") and its subsequent failure to resolve the breach in accordance with a settlement agreement executed between MainQuad and Davidson in 2008 (the "Settlement Agreement"). In conjunction with the Promissory Note, the parties executed a subordination agreement (the "Subordination Agreement"). Based on the terms of that agreement, Davidson maintains (and has maintained since 2008) that MainQuad and Plaintiffs are prohibited from enforcing their rights under the Promissory Note due to Davidson's seven-year (and counting) state of default on its senior obligations. However, recent actions by Davidson and its affiliates have made it clear to Plaintiffs that Davidson's perpetual state of default is a fiction. In fact, Davidson's senior lenders are now the beneficial owners of Davidson and Davidson's debt has, for all intents and purposes, been restructured and/or converted to equity for the sole benefit of its senior lenders. Beside there being no actual debt, it appears to

Plaintiffs that there have been periods of time in which Davidson was not in default to its so-called senior lenders, and yet no payment on the Promissory Note has been forthcoming. In light of these facts, the Subordination Agreement does not estop Plaintiffs from asserting their rights to payment in full under the Promissory Note. Accordingly, Plaintiffs bring this action to enforce those rights and to obtain redress for the willful and wanton disregard of their rights under the Promissory Note by the other Defendants, who have caused Davidson to fraudulently misrepresent the nature of their relationship with the senior lenders and taken other actions to defeat its obligation to pay the Plaintiffs in accordance with the terms of the Promissory Note.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this civil action is between citizens of different states and involves an amount in controversy greater than $75,000, exclusive of interest and costs.

3. Plaintiff Daniel Berman is an individual citizen and a resident of North Carolina. Plaintiff William McCutchen is an individual citizen and resident of California.

4. Davidson is a Delaware limited liability company, a subsidiary of Davidson Media and, upon information and belief, all of its members are citizens of states other than North Carolina and California.

5. Davidson Holding is a Delaware limited liability company whose members own Davidson, and, upon information and belief, all of its members are citizens of states other than North Carolina and California.

6. Davidson Group is a Delaware limited liability company, the corporate parent of Davidson and, upon information and belief, all of its members are citizens of states other than North Carolina and California.

7. Peter W. Davidson is an individual citizen and a resident of New York.

8. Felix Perez is an individual citizen and a resident of New York.

9. Chris McMurray is an individual citizen and a resident of Florida.

10. SSB is a Delaware limited liability company and, upon information and belief, all of its members are citizens of states other than North Carolina and California.

11. Sanjay Sanghoee is an individual citizen and a resident of New York.

12. Peter S. Handy is an individual citizen and a resident of Texas.

13. Katherine L. Kohlmeyer is an individual citizen and a resident of Texas.

14. George B. Kelly is an individual citizen and a resident of Texas.

15. Alex Manzo is an individual citizen and a resident of New York.

16. Jeffrey C. Scott is an individual citizen and a resident of Florida.

17. Charles W. Banta is an individual citizen and a resident of New York.

18. R. Alan Wright is an individual citizen and resident of Pennsylvania.

19. William D. Cohan is an individual citizen and resident of New York.

20. LLJ is a Delaware limited liability company and, upon information and belief, all of its members are citizens of states other than North Carolina and California.

21. DBZ is a Delaware limited partnership and, upon information and belief, all of its partners are citizens of states other than North Carolina and California.

22. Fortress is a Delaware limited liability company and, upon information and belief, all of its members are citizens of states other than North Carolina and California.

23. Atalaya is a New York limited liability company and, upon information and belief, all of its members are citizens of states other than North Carolina and California.

24. ACM VRF V is a Delaware limited liability company and, upon information and belief, all of its members are citizens of states other than North Carolina and California.

25. Venue is proper in this District and Division because a substantial part of the actions or omissions giving rise to these claims occurred in this District and Division.

## Background

26. On May 13, 2005, Davidson executed the Promissory Note in favor of MainQuad in the principal amount of $1,000,000 at an interest rate of 7% per annum from the date of issuance. A true and correct copy of the Promissory Note is attached hereto as Exhibit 1.

27. The terms of the Promissory Note required Davidson to make payment in full with the requisite interest on or before the maturity date of May 12, 2008. (*See* Ex. 1 at 1.)

28. Also on May 13, 2005, MainQuad and Davidson entered a Subordination Agreement, whereby the Promissory Note was subordinated to Defendant's obligations to certain other lenders. The Subordination Agreement designated LLJ as the agent for the senior lenders. A true and correct copy of the Subordination Agreement is attached hereto as Exhibit 2.

29. Davidson did not pay the full amount owing under the Promissory Note by the maturity date.

30. On September 8, 2008, following proper notice to Davidson and to its senior lenders through LLJ, MainQuad filed suit against Davidson to collect the amounts owed under the Promissory Note. A true and correct copy of MainQuad's Complaint is attached hereto as Exhibit 3.

31. On September 30, 2008, Davidson filed its Answer to MainQuad's Complaint in which Davidson admitted that the Promissory Note and Subordination Agreement were valid and that Davidson had not paid the full amount due under the Promissory Note. A true and correct copy of Davidson's Answer is attached hereto as Exhibit 4.

32. In its Answer, Davidson further stated that its debt to MainQuad is expressly subordinated to its indebtedness to one or more lenders senior to MainQuad, that Davidson is not obligated to repay MainQuad while in default on its senior obligations, and that Davidson was in default. (*See* Ex. 4 ¶¶ 20-22.)

33. On December 16, 2008, MainQuad and Davidson entered into a Settlement Agreement whereby MainQuad agreed to accept $600,000.00 as payment in full for the debt owed by Davidson. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 5.

34. The holders of Davidson's senior debt consented to the Settlement Agreement in writing through their agent and the successor to LLJ, DBZ, thus clearing the way for Davidson to make payment under the Settlement Agreement. A true and correct copy of the Waiver and Consent is attached hereto as Exhibit 6.

35. On December 29, 2008, in accordance with the terms of the Settlement Agreement, MainQuad filed its stipulation of dismissal of the action against Davidson. A true and correct copy of the Stipulation of Dismissal without Prejudice is attached hereto as Exhibit 7.

36. A condition precedent to Davidson's obligation to make payment under the Settlement Agreement was the consummation of a sale of certain assets by Davidson to Golden Door Broadcasting, LLC ("Golden Door"). An asset purchase agreement had already been signed between Davidson and Golden Door for the sale of these assets, and the transaction was expected to close no later than June 30, 2009. MainQuad relied on these representations and presumption of good faith on the part of Davidson and its senior lenders, which were represented by DBZ, in accepting the Settlement Agreement.

37. The anticipated Golden Door sale was never consummated and Plaintiffs were never advised as to the reason for this failure.

38. Rather than sell Davidson to Golden Door, in January of 2009, ownership of Davidson was transferred to SSB under the terms of a Purchase Agreement and Agreement and Plan of Merger, which were contemporaneously executed. True and correct, albeit redacted, copies of the Purchase Agreement and Agreement and Plan of Merger are attached hereto as Exhibits 8 and 9, respectively.

39. The Purchase Agreement sold to Davidson Holding all equity interests in Davidson Group that were then held by CapStreet II, L.P, and CapStreet Parallel II, L.P., who were represented by Katherine L. Kohlmeyer; Citicorp North America, Inc., who was represented by Alex Manzo; Black Enterprise/Greenwich Street Corporate Growth Partners, L.P., represented by Jeffrey C. Scott; Mercury Capital Partners III, L.P., represented by Charles W. Banta; Hillman DMG LLC, represented by Wanda M. Cook; Astron Services, Inc., represented by R. Alan Wright; Peter W. Davidson; and William D. Cohan. (*See* Ex. 8 at 1.1.)

40. Under the Purchase Agreement, the aforementioned companies' and individuals' exchanged their voting interest in Davidson Group for certain promissory notes and stock options in Davidson Holding. (*See* Ex. 8 at 1.1.)

41. In the Agreement and Plan of Merger, SSB, represented by Sanjay Sanghoee, acquired Davidson Group that was represented by Felix Perez. This occurred through merger of an SSB subsidiary with Davidson Group. This transaction had SSB acquiring all of Davidson Group's "liabilities and obligations," as well as all of the nominal voting power over Davidson Group's operations, (Ex. 9 at 1.1, 1.4, 2.2(d)), which had previously been held, and which exchange was agreed to, by CapStreet II, L.P, and CapStreet Parallel II, L.P., who were

represented by George B. Kelly; Citicorp North America, Inc., who again was represented by Alex Manzo; Black Enterprise/Greenwich Street Corporate Growth Partners, L.P., again represented by Jeffrey C. Scott; Mercury Capital Partners III, L.P., again represented by Charles W. Banta; Hillman DMG LLC, again represented by Wanda M. Cook; Astron Services, Inc., again represented by R. Alan Wright; Peter W. Davidson; and William D. Cohan. (*See* Ex. 9 at Schedule I.) However, the information necessary to understand the precise corporate structure and interests created by these transactions, particularly the terms of the "Financing Agreement," "LLC Agreement" and "Members Agreement" that are cited in Exhibits 8 and 9, are not publicly available, nor are Plaintiffs privy thereto.

42. From a review of these agreements, Plaintiffs have discerned that the effect of these transactions was to transfer voting control of Davidson Group, with its thirty-six stations, to SSB and Sanjay Sanghoee in exchange for $1000 and an assumption of $2,076,024 of Davidson Group's debt, (*see* Ex. 8 at 1.1(i), at 1-2; Ex. 9 at 1.4, 2.2(d), at 22), while reserving a right to the profits of Davidson Group to the members of Davidson Holding, (*see* Ex. 8).

43. On information and belief, the result of all of these and other transactions between the Defendants was to exchange the putative seniors lenders' entitlement to payment of outstanding loans for equity shares in Davidson.

44. Notwithstanding this convoluted restricting and change of ownership, because the Golden Door sale was never consummated, Davidson failed to make payment under the Settlement Agreement and MainQuad was once again entitled to all its rights and remedies under the Promissory Note.

45. However, under the terms of the Subordination Agreement, MainQuad had no present right to collect under the Promissory Note (or complain about nonpayment) so long as Davidson was in default on its senior obligations.

46. Since the time of the Settlement, Davidson has always maintained that it was in default on its senior obligations.

47. On March 29, 2010, MainQuad assigned the Promissory Note to Plaintiffs who were the sole shareholders of MainQuad.

48. MainQuad and Plaintiffs have attempted on numerous occasions to engage in a dialogue with Davidson regarding its breach of the Promissory Note and Davidson's failure to make any payment under the Promissory Note or Settlement Agreement. However, Davidson always rebuffed such inquiries by claims that it maintains hopelessly indebted to its senior lenders and thus unable to honor its obligations to MainQuad and Plaintiff.

49. Plaintiffs learned that in late 2014 or early 2015, a Davidson affiliate, originally subject to the same senior debt as Davidson, made a capital expenditure of approximately $500,000.00 to purchase a broadcasting license in the Charlotte, North Carolina area, confirming Plaintiffs' doubts about the sincerity of Davidson's claimed state of default under its senior obligations.

50. On information and belief, Davidson's senior lenders are now the beneficial owners of Davidson and that Davidson's current Chairman, Sanjay Sanghoee, and Davidson's current President, Chris McMurray, act only as their proxies.

51. On information and belief, all of Davidson's alleged senior indebtedness is nominally held by ACM, which recently purchased the debt from various parties. See June 3,

2015 Letter from Atalaya Administrative LLC to Davidson Media Grp., attached hereto as Exhibit 10.

52. On information and belief, the agent for Davidson's senior lenders is presently Atalaya, who recently succeeded Fortress, which succeeded D.B. Zwirn.

53. By letter dated May 15, 2015, Plaintiffs gave written notice to Davidson that they intend to enforce their rights under the Promissory Note and that Davidson can no longer rely on the Subordination Agreement to evade its obligation by asserting a state of perpetual default – even while Davidson's beneficial owners profit from the cash flow of ongoing operations. A true and correct copy of Plaintiffs' letter is attached hereto as Exhibit 11.

54. As of the date of the filing of this action and to the present, neither MainQuad nor Plaintiffs have received payment under the Settlement Agreement or received any payment of principal or interest as required by the Promissory Note.

## COUNT I
### Breach of Contract
### (DAVIDSON)

55. Plaintiffs hereby incorporate by reference paragraphs 1-54.

56. The Promissory Note was and is a valid and binding contractual obligation.

57. Davidson breached its obligations under the Promissory Note by failing to pay the amount due under the Promissory Note when not in default on its senior obligations.

58. Davidson did not fulfill its obligations under the Settlement Agreement, and therefore, Plaintiffs properly declare the Settlement Agreement null and void.

59. Davidson's breach of its obligations under the Promissory Note damaged Plaintiffs in an amount exceeding $2,000,000.00.

60. Davidson has been given proper notice of its breach and of Plaintiffs' intention to enforce their rights.

61. Plaintiffs and MainQuad fulfilled all of their obligations under the Promissory Note and all of the prerequisites under the Subordination Agreement and are entitled to satisfaction.

## COUNT II
## Tortious Interference with Contract
## (ALL DEFENDANTS EXCEPT DAVIDSON)

62. Plaintiffs hereby incorporate by reference paragraphs 1-61.

63. On information and belief, all of the Defendants were aware of Davidson's valid obligation to repay MainQuad (now Plaintiffs) under the terms of the Settlement Agreement and Promissory Note.

64. On information and belief, each of the Defendants orchestrated, advised, and otherwise caused Davidson not to consummate the transaction with Golden Door contemplated by the Settlement Agreement so as to avoid Davidson's payment obligation to MainQuad thereunder.

65. On information and belief, each of the Defendants knew that by restructuring the senior lender's debt into equity and misrepresenting that Davidson was in default to, rather than owned by, its senior lenders, Davidson would be able to mislead MainQuad and Plaintiffs into not instituting a suit seeking payment on the Promissory Note, and so avoid repayment of its debts in violation of the terms of the Promissory Note.

66. On information and belief, each of the Defendants orchestrated, advised and otherwise caused the restructuring of the debt owed by Davidson to its senior lenders into an equity stake in Davidson (including an effective right to profits), through execution of, inter alia, the Purchase Agreement and Agreement and Plan of Merger, and also directed Davidson to make false representations regarding the existence of defaulted senior obligations, all so as to obtain

11

satisfaction of the senior lenders' claims (while maintaining the façade that Davidson was in default to those lenders), effectively permitting Davidson to shed any obligation to repay MainQuad.

67. On information and belief, in orchestrating, advising and causing this restructuring and the making of these false representations, Defendants knowingly, intentionally, without legitimate business purposes, and with reckless and wanton disregard of MainQuad and Plaintiffs' rights caused Davidson to breach its obligation of good faith and fair dealing owed to MainQuad and Plaintiffs and also its obligation to repay them in accordance with the terms of the Settlement Agreement and the Promissory Note.

68. As a result of these wrongful and malicious acts by Defendants, Davidson has refused to honor its valid obligations to MainQuad under the Settlement Agreement and Promissory Note and now continues to dishonor its obligations to Plaintiffs under the Promissory Note.

69. But for these wrongful and malicious acts of Defendants, Davidson would have discharged some or all of its obligations to MainQuad and Plaintiffs.

70. Accordingly, MainQuad and Plaintiffs have been wrongly, oppressively and tortiously denied any and all satisfaction of the Settlement Agreement and Promissory Note as a result of the Defendants' knowing and malicious interference in Davidson's contractual relation with MainQuad.

Wherefore, Plaintiffs respectfully request that this Court enter judgment against Davidson and in favor of Plaintiffs in an amount in excess of $2,000,000.00, with the exact amount of damages to be proven at trial; pre- and post-judgment interest; attorneys' fees and costs, and also enter judgment against the other Defendants and in favor of Plaintiffs for compensatory and

punitive damages, in an amount to be proven at trial, for those Defendants' willful, wanton and wrongful interference with the contracts between MainQuad and Davidson, and for such other relief as may be appropriate.

DATED: July 7, 2015

        Respectfully Submitted,

        DANIEL BERMAN and WILLIAM
        McCUTCHEN, successors in interest to
        MAINQUAD COMMUNICATIONS, INC.,

        By Counsel

        */s/ Michael H. Brady*
        Michael Brady (VA Bar No. 78309)
        McGuireWoods LLP
        Gateway Plaza
        800 East Canal Street
        Richmond, Virginia 23219-3916
        Tel: 804.775.4327
        Fax: 804.298.2302
        mbrady@mcguirewoods.com

        Mark E. Anderson (admitted *Pro Hac Vice*)
        McGuireWoods LLP
        434 Fayetteville Street, Suite 2600
        Raleigh, North Carolina 27601
        Tel: 919.755.6600
        Fax: 919.755.6699
        manderson@mcguirewoods.com

        *Counsel for Plaintiffs Daniel Berman and*
        *William McCutchen, successors in interest to*
        *MainQuad Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2015, I filed a true and correct copy of the foregoing with the Clerk of this Court using the CM/ECF system, which filing will cause a notification and copy of the same to be sent to all counsel of record, all of whom have consented to such service, to wit:

>Brian R.M. Adams (VSB No. 32857)
>E-mail: badams@spottsfain.com
>Elliot P. Fitzgerald (VSB No. 76724)
>E-mail: efitzgerald@spottsfain.com
>SPOTTS FAIN PC
>P.O. Box 1555
>411 East Franklin Street, Suite 600
>Richmond, Virginia 23218-1555
>Telephone: (804) 697-2000
>Facsimile: (804) 697-2100
>
>*Counsel for Davidson Media Virginia Stations, LLC*

>Respectfully submitted,
>
>*/s/ Michael H. Brady*
>Michael Brady (VA Bar No. 78309)
>MCGUIREWOODS LLP
>Gateway Plaza
>800 East Canal Street
>Richmond, Virginia 23219-3916
>Tel: 804.775.4327
>Fax: 804.298.2302
>mbrady@mcguirewoods.com
>
>*Counsel for Plaintiffs Daniel Berman and William McCutchen, successors in interest to MainQuad Communications, Inc.*